# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CASE NO: 5:21CR838 |
| Plaintiff | ) |
| | ) JUDGE ADAMS |
| vs. | ) |
| | ) **DEFENDANT JOSHUA SAUNDER'S** |
| JOSHUA SAUNDERS | ) **SENTENCING MEMORANDUM** |
| Defendant | ) |
| | ) |

Defendant Joshua Saunders, through undersigned counsel, submits this Sentencing Memorandum for the Court's consideration and requests a sentence, as calculated, and reviewed pursuant to Title 18, United States Code §§ 3553(a) and 3661, that is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully Submitted,

/s/EMSipplen
_____
**Eddie Sipplen # 0076712**
Attorney for Defendant
1655 West Market Street, Ste 505
Akron, OH 44313
Ph: 330-374-5600
Fax: 330-805-4496
esipplen@sipplen.com

1

## **MEMORANDUM**

On February 28, 2022, Mr. Saunders entered a plea of guilty to Count1 of the Indictment and Counts 3 and 4 of the Supplemental information. Pursuant to a written plea agreement and Rule 11(c)(1)(A), the parties have no agreement about the sentencing range to be used, the sentence in this case, or as to the computation of the advisory Sentencing Guidelines offense level. Each party is free to recommend whatever sentence it believes to be appropriate.

**A. The applicable law affords discretion to the District Court Judge to impose a sentence not greater than necessary to satisfy the statutory purposes of sentencing.**

District Court Judges have discretion to impose sentences, but sentences should not be greater than necessary to satisfy the statutory purposes of sentencing. See Gall v. United States, 552 U.S. 38 (2007); Kimbrough v. United States, 552 U.S. 85 (2007); Rita v. United States, 551 U.S. 338 (2007); United States v. Booker, 543 U.S. 220 (2005). Both the Supreme Court and the sentencing statutes instruct District Court Judges to impose the *lowest* sentence that will meet the four purposes of sentencing: justice; deterrence; incapacitation; and rehabilitation. 18 U.S.C. § 3553(a)(2); Kimbrough, 552 U.S. at 101. After properly calculating the advisory range under the sentencing guidelines, a factor which serves as only the "starting point," this Court will then consider the relevant 18 U.S.C. § 3553(a) factors and impose a sentence sufficient, but not greater than necessary, to fulfill the purposes of sentencing. Gall, 552 U.S. at 49. After the Supreme Court's decision in Gall, courts have wide discretion in imposing sentencing. The applicable guideline reads, "No limitation shall be placed on the information concerning the background, character, and conduct of the person convicted of an offense," this Court may "consider for the purposes of imposing an appropriate sentence." 18 U.S.C. § 3661. The Sixth Circuit has also spoken to the discretion of District Court judges in United States v. Webb, 403 F.3d 373, 381 (6th Cir. 2005), "While a district court must still

2

give some consideration to the appropriate Guidelines range when making a sentencing determination, a court is no longer bound by the applicable Guidelines. The Sixth Circuit has affirmed sentences that include significant downward variances. The Sixth Circuit has acknowledged that District Court Judges have discretion in imposing sentences, including downward variances. The Court also acknowledged that the greater the variance in sentencing, the more compelling the evidence supporting the variance need be. United States v. Grossman, 513 F.3d 592, 596 (6th Cir. 2008). In imposing the sentence here, this Court must consider the factors set forth in 18 U.S.C. §3553(a), which includes: The nature and circumstances of the offense and the history and characteristics of the defendant; (1) The need for the sentence imposed –(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B)to afford adequate deterrence to criminal conduct; (C)to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (2)the kinds of sentences available;(3)the advisory guidelines; (4) any pertinent policy statements issued by the Sentencing Commission;(5)the need to avoid unwarranted sentence disparities; and (6)the need to provide restitution to any victims of the offense. 18 .S.C. §3553(a).

**B.** **Application of 18 U.S.C. § 3553(a)'s Sentencing Factors**

    **1. History and Characteristics of Mr. Saunders**

Joshua Saunders is 27 years old and born in Akron, Ohio. His parents were never married. Mr. Saunders has 4 other maternal half siblings. When Joshua was approximately 9 or 10 years old he was sexually abused by a male cousin for approximately one year or more. Mr. Saunders has never received any form of counselling for the sexual abuse that he suffered.

Joshua Saunders, during his childhood years, was diagnosed with anxiety and depression, which went largely untreated. As previously noted, he did not receive sex abuse counselling nor

mental health counseling. Mr. Saunders attempted mental health treatment on his own as an adult but was unsuccessful in that endeavor. Since the time of abuse by his cousin, Joshua Saunders exhibited many signs of suffering from some form of mental illness or the trauma of having been abused. He became a loner, isolated himself from family members or meaningful relationships, wondered aimlessly through life with no clear direction, failed and eventually dropping out of school (he did, however, obtain a GED). An argument can be made that Joshua Saunders perpetuated the cycle of abuse that suffered by engaging in the activities for which he has accepted responsibility and plead guilty to.

Further, Mr. Saunders also has a long history of alcohol and drug abuse. At age 18, he began using alcohol. At age 16, Joshua Saunders began using marijuana and consumed it daily until his arrest in November 2021.When he becomes stressed, Mr. Saunders engages in the self-destructive behavior of pulling his hair out and picking at his skin until sores develop. Therefore, he requests the Court recommend individual counseling and drug treatment.

B. **Conclusion**

For the above reasons, Mr. Brown respectfully requests the court impose a variance from the sentencing guideline range. Mr. Brown has one prior misdemeanor and is extremely remorseful and takes responsibility for his actions.

As noted in the Presentence Report, 18 U.S.C. §3556(a)(6) states that the Court shall consider the need to avoid unwarranted sentence disparities among similar records who have been found guilty of similar conduct. According to the U.S. Sentencing Commission's online sentencing data source, the offenders who fit in the criminal history category of I and with a final offense level were sentenced, on average, to a sentence of 350 months. In this matter, such

4

a sentence would be "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

        Respectfully Submitted,

        */s/EMSipplen*

---

**Eddie Sipplen # 0076712**
Attorney for Defendant
1655 West Market Street, Ste 505
Akron, OH 44313
Ph: 330-374-5600
Fax:  330-805-4496
esipplen@sipplen.com

5

## CERTIFICATE OF SERVICE

  I hereby certify that on July 12, 2022 a true copy of the forgoing <u>Motion for a Continuance</u> has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

*/s/EMSipplen*

_____

**Eddie Sipplen # 0076712**
Attorney for Defendant