UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA SAUNDERS | ) | CASE NO. 5:23-cv-01129 |
| | ) | 5:21-cr-00838-JRA-1 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **ORDER AND JUDGMENT ENTRY** |
| | ) | |
| Respondent.. | ) | |
| | ) | |
| | ) | |

This matter comes before the Court upon Petitioner Joshua Saunders' petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Doc. 1, Doc. 45. For the reasons set forth below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED.

**I.  FACTS**

In late 2021, early 2022, Petitioner was arrested and charged with one count of receipt and distribution of visual depictions of real minors, one count of possession of child pornography, and two counts of sexual exploitation of children. Doc. 14, Doc. 21. Petitioner executed a written plea agreement and pled guilty to receipt and distribution of visual depictions of real minors engaged in sexually explicit conduct, and two counts of sexual exploitation of children. Doc. 24. Petitioner agreed to waive his appellate rights but reserved the right to appeal "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the Offense Level and Criminal History Category found applicable by the Court." Doc. 24.

At the plea hearing, the Court noted that the two instances in which Petitioner reserved his rights to appeal were "not likely to be an issue." Doc. 43, p. 18-19. On August 5, 2022, the Court entered judgment imposing a sentence of 480 months and lifetime supervision. Doc. 33. Petitioner did not file a notice of appeal.

On November 9, 2022, Petitioner filed a pro se motion for extension of time to file an appeal. Doc. 35. On November 17, 2022, this Court denied Petitioner's motion as untimely. Doc. 36. On January 3, 2023 Petitioner filed a second pro se motion for extension of time to file a notice of appeal. Doc. 37. Upon review, on March 7, 2023, the Court appointed the Office of the Federal Public Defender to assist Petitioner in "trying to obtain an appeal to the USCA for the 6th Circuit." Doc. 38. Petitioner subsequently filed his motion to vacate his sentence pursuant to 28 U.S.C. 2255. Doc. 45.

## II.  ANALYSIS

Petitioner's motion asserts that his counsel provided ineffective assistance in three ways:

> (1) advising Mr. Saunders to sign a plea agreement which provided him no benefit and waived his rights to appeal his sentence unless the sentence imposed was above the statutory maximum or above the applicable guidelines range of life; (2) failing to obtain mental health records or to fully investigate or present mitigating information provided to him by the family; and (3) failing to file a notice of appeal after Mr. Saunders had instructed him to do so, both directly and through his mother.

Doc. 45, p. 2. When a petitioner presents a factual dispute as to whether his counsel failed to file a notice of appeal, the Sixth Circuit has held that an evidentiary hearing is "mandatory" unless "'the record conclusively shows that the petitioner is entitled to no relief.'" *Pola v. United States*, 778 F.3d 525, 532-33 (6th Cir. 2015). In the instant case, the Court has concluded that the evidence presented in the parties briefing compels it to GRANT Petitioner's motion as to his third ground for relief and therefore no hearing is necessary.

2

A.	Failure to file a Notice of Appeal

Petitioner contends that his Sixth Amendment rights were violated because his counsel failed to file a notice of appeal. The standard for ineffective assistance of counsel is a two-part test set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that his counsel's performance was deficient. Id. at 687. Counsel must not merely have erred but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed…by the Sixth Amendment." Id. Second, Petitioner must show a reasonable probability that but for the error, the results of his proceedings would have been different. Id. When a defendant makes an insufficient showing on one component of the two-part inquiry, reviewing courts are not required to "address both components of the inquiry." Id. at 697.

To prevail on his claim that his counsel was ineffective for failing to file a direct appeal, Petitioner must establish that his counsel either disregarded his specific instructions to file a notice of appeal or failed to consult him about an appeal. *Pola v. United States*, 778 F.3d 525, 533 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000)).

> '[T]he failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.' *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Consistent with *Roe v. Flores-Ortega*, 528 U.S. 470, 477-78, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), the Sixth Circuit specified that such a violation occurs 'without regard to the probability of success on appeal' because such a failure on the attorney's part deprives the defendant of any counsel for purposes of the Strickland analysis, and '[p]rejudice must be presumed.' *Ludwig*, 162 F.3d at 459; *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012). Even with a frivolous appeal, an attorney's obligations to the client do not end when the guilty plea is entered. *Id*. at 358. Furthermore, 'even when a defendant waives . . . his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal.' *Id*. at 360.

3

*Christian v. United States*, No. 2:21-cv-02466-SHL-atc, 2024 U.S. Dist. LEXIS 152633, at *6 (W.D. Tenn. Aug. 26, 2024).

Alternatively, counsel is ineffective for failing to consult Petitioner about an appeal, if "either (1) 'a rational defendant would want to appeal,' or (2) the 'defendant reasonably demonstrated to counsel that he was interested in appealing.'" *Pola*, 778 F.3d at 533 (quoting *Flores-Ortega*, 528 U.S. at 480). Under this method, prejudice is not presumed. Petitioner must establish that but for counsel's deficient performance, he would have timely appealed. *Roe*, 528 U.S. 486.

Petitioner contends that his attorney, Eddie Sipplen, did not consult with him about his appellate rights, *and* that he ignored specific instructions to file a notice of appeal. Doc. 45, p. 11. In support of his Motion to Vacate, Petitioner provides his own declaration as well as a declaration from his mother, Rovina Moore, regarding their efforts to get in touch with Attorney Sipplen about filing a notice of appeal. Doc. 45-4.

Petitioner's sentence was reduced to judgment on August 5, 2022, accordingly, he had until August 19, 2022 to file a timely notice of appeal. Petitioner could have further extended his time to appeal until September 18, 2022 if he established excusable neglect or good cause. Fed.R.App. P. 4(b)(4).

Petitioner contends that after his sentencing hearing, Attorney Sipplen did not speak to him and explain the sentence or his appellate rights. Doc. 44; Doc. 45-1, p. ¶8. He declares that he spoke with Moore and informed her that he wished to appeal his sentence and asked her to contact Attorney Sipplen to file the notice of appeal. Doc. 45-1, ¶9. Moore spoke with Attorney Sipplen immediately after the sentencing hearing on August 4, 2022 and asked him to appeal the sentence. Doc. 45-4, p. 2. Their conversation was interrupted and therefore, later that day, Moore called

4

Attorney Sipplen. Id. Attorney Sipplen informed Moore that although the sentence was harsh it was final and there was not much more that could be done. Id. Moore asked him about an appeal, but Attorney Sipplen did not give a direct answer, ended the call, and did not call Moore back. Id.

Moore texted Attorney Sipplen on August 22 and September 15, 2022 without a reply. Doc. 45-4, p. 2. On September 19, 2022, Moore informed Petitioner by way of letter that Attorney Sipplen had not returned her messages. Doc. 45-1, ¶10. On September 23, 2022 Moore called the Court and emailed Attorney Sipplen to explain that she had been trying to get a hold of him about an appeal, that Petitioner had been asking about an appeal since August 5, 2022, and that she had contacted another attorney to appeal, but he needed the file. Doc. 45-4 p. 3. On September 23, 2022, Attorney Sipplen responded, but did not address or acknowledge Moore's contention that she had been trying to get ahold of him about an appeal, only explaining that Petitioner or his appellate counsel had to call him directly regarding the file and that he could not provide it to her. Id.

On September 28, 2022, Moore sent this Court a letter, asking to file a notice of appeal on Petitioner's behalf. Doc. 45-4, p. 4. She explained that she asked Attorney Sipplen about an appeal after the sentencing on August 4, then again on the phone on August 5 and via text messages. "[H]e did not answer any of my request asking for the appeal. I've learned that the deadline was fourteen days after the sentencing and have no idea why Attorney Sipplen refused to file it. Given that he neglected to file the appeal we are now faced with the problem of missing the deadline." Id. On October 11, 2022, the Court responded and informed Moore that due to the federal rules, it could not accept her request to appeal on Petitioner's behalf, and that Petitioner must sign the appeal request himself. Doc. 45-4, p. 5. The Court noted that Attorney Sipplen could also prepare an extension of time to appeal and a motion to withdraw as appellate counsel. Id.

On October 16, 2025, Moore sent a letter to Petitioner to inform him that the notice of appeal must come from him. She told him to write a letter to Attorney Sipplen and to the Court. Doc. 45-4, p. 5. Accordingly, on October 25, 2022, Petitioner sent Attorney Sipplen a letter requesting that he file the notice of appeal and then withdraw as appellate counsel. Doc. 45-1, ¶11. Petitioner did not receive a response from Attorney Sipplen. Id.

On November 3, 2022, Petitioner sent this Court a letter indicating that he wanted to appeal. He informed the Court that he had asked Attorney Sipplen to send him an appeal form and that he had asked him to prepare a motion for an extension of time to appeal. Petitioner further asked that Moore be permitted to act on his behalf with his attorney and the Court "because it is hard for me to get access and act on my own behalf in a timely manner due to the fact of being in protective custody because of the threats that I have been getting from other inmates." Doc. 35. This letter was construed as a motion for an extension of time to appeal and was docketed on November 9, 2022. Doc. 35. On November 17, 2022, this Court denied Petitioner's request. On December 13, 2022, Moore called the Court to ask for advice regarding Attorney Sipplen not responding to Petitioner. Moore was advised to call Attorney Sipplen one more time and to contact the Court again if he did not respond. Doc. 45-4, p. 6. Therefore, on December 13, 2022, Moore emailed Attorney Sipplen, noting that Petitioner sent him a letter two months prior and had not gotten a response. Doc. 45-4, p. 6. Attorney Sipplen responded that same day and told Moore that he could only provide the file information to Petitioner's attorney of record and that he could not send any information to Petitioner. Doc. 45-4, p. 6. Moore and Attorney Sipplen traded more emails regarding what appears to have been contradictory information provided by Attorney Sipplen. Id.

In late December of 2022, Moore sent the Court a letter again documenting their attempts to contact Attorney Sipplen about an appeal. Doc. 45-4, p. 4. She included the October 25, 2022

6

letter that Petitioner sent to Attorney Sipplen asking him to file a notice of appeal. Doc. 37. The Court construed the October 2, 2022 letter as a motion for an extension of time to appeal. Doc. 37. Upon review, on March 7, 2023, the Court appointed the Office of the Federal Public Defender to assist Petitioner in "trying to obtain an appeal to the USCA for the 6th Circuit." Doc. 38.

Respondent contends that based on the record Petitioner neither indicated a timely interest in an appeal nor expressly instructed his counsel to file a notice of appeal. Via affidavit, Attorney Sipplen contends that he "asked Mr. Saunders if he wanted to appeal his sentence and was told by Mr. Saunders that he did not want to appeal. I advise Mr. Saunders that he still has time to change his mind and to contact my office should he wish for me to file an appeal." Doc. 54-1.

Assuming that Petitioner affirmatively told Attorney Sipplen that he did not want to appeal, which Petitioner disputes, he told Petitioner that he had time to change his mind. The evidence establishes that Petitioner changed his mind and attempted to contact Attorney Sipplen many times through Moore. Attorney Sipplen does not deny Moore's contention that she spoke with him immediately after the sentencing regarding an appeal, and again that same day on the phone, well before the deadline to file an appeal had passed. He does not deny Moore's contention that she texted him on August 22, 2022, before the extended time to appeal had passed, and stated "I was wondering if there's any way to appeal the Judge's decision for less time for my son. **He keeps asking.**" Doc. 45-4, p. 2. Yet, despite these clear indications that he had changed his mind and "reasonably demonstrated to counsel that he was interested in appealing[,]" Attorney Sipplen did not attempt to contact Petitioner. *Pola*, 778 F.3d at 533 (quoting *Flores-Ortega*, 528 U.S. at 480). As such, Attorney Sipplen's performance was deficient. Further, based on the multiple attempts that Petitioner made to contact Attorney Sipplen, the record clearly establishes that but for this deficiency, Petitioner would have timely appealed. *Roe*, 528 U.S. 486.

As a result, this Court GRANTS Petitioner's motion to vacate his sentence on the ground that he was denied effective assistance of counsel when his counsel failed to file a direct appeal. All other grounds for relief are denied without prejudice. Petitioner's sentence will be VACATED, and the court will REIMPOSE the same sentence. The court will enter an Amended Judgment. Petitioner is hereby notified of the rights associated with an appeal from the sentence the court will reimpose.

IT IS SO ORDERED.

DATE: July 30, 2025 /s/ John R. Adams
Judge John R. Adams
UNITED STATES DISTRICT COURT